No. 13.—Wiley Law and James Parker, his security on appeal, plaintiffs in error, *vs.* Hawkins H. Nunn, defendant in error.

[1.] When money is voluntarily paid by a Tax Collector to a County Treasurer, by mistake, and which was not intended to be received by the latter as belonging to the county, an action lies by the former to recover it back, especially when it does not appear the money has ever been paid over to the county.

[2.] In actions against agents, for money voluntarily paid by mistake in fact, the true distinction is, where the agent has paid the money over to his principal in good faith he is not personally liable; but when he has not paid the money over, or before such payment he has notice of the mistake, and is required not to pay it, then he is *personally* responsible, although payment to his principal may have been made.

Assumpsit for money had and received. From Sumter Superior Court. Tried before Judge Warren. May Term, 1847.

The plaintiff in error, Wiley Law, brought this suit against Hawkins H. Nunn the defendant in error, alleging in his declar-

ation that the defendant Nunn, was indebted to him in the sum of two hundred dollars for so much money had and received to plaintiff's use.

In plaintiff's bill of particulars attached to the declaration, it appeared, that the two hundred dollars was paid to the defendant as County Treasurer by the plaintiff as Tax Collector, by mistake; that is to say, the plaintiff as tax collector for the county of Sumter for the year 1843, paid over to the defendant as county treasurer, two hundred dollars more (through mistake,) than was due said county, for that year; and which sum of two hundred dollars was not intended to be received as belonging to said county.

To the declaration containing the foregoing statement of facts, the defendant demurred, and the Court below sustained the demurrer and nonsuited the plaintiff; to which decision of the Court below the plaintiff excepted.

E. R. Brown for the plaintiff in error, cited the following authorities: *Cary* vs. *Curtis*, 3 *How.* 255; 1 *Salk.* 22; 2 *Black. R.* 825; 2 *Lord R.* 1217; *Smith* vs. *Seaton, Minor R.* (*Ala.*) 75; *Utica Bank* vs. *Van Gieson*, et al. 18 *John.* 485; *Greenway* vs. *Hurd*, 4 *T. R.* 553; *Com. on Con.* 280; *Story on Agency*, 303; 7 *John.* 182; *Fry* vs. *Lockwood*, 4 *Cowen*, 454; *Ripley* vs. *Gilston*, 9 *John.* 202; *Young* vs. *Poland*, 21 *Eng. C. L.* 215; *Morgan* vs. *Palmer*, 9 *id.* 232; *Hawkins* vs. *Hewlett*; 1 *id.* 5; *Clinton* vs. *Strong*, 9 *John.* 370; 1 *Sel. N. P.* 72; *Elliott* vs. *Swartwout*, 10 *Peters*, 137.

Dudley and Crawford for the defendant in error.

*By the Court.*—Warner, J. delivering the opinion.

The plaintiff in error alleges in his declaration, that the defendant is indebted to him in the sum of two hundred dollars, besides interest.

In his bill of particulars attached to the declaration, it appears, that the two hundred dollars were paid to the defendant as county treasurer, by the plaintiff as tax collector, by mistake; that is to say, the plaintiff as tax collector for the County of Sumter, for the year 1843, paid over to the defendant as county treasurer, two hundred dollars more (through mistake,) than was due said

county for that year; and which sum of two hundred dollars, was not intended to be received as belonging to said county.

To the declaration containing the foregoing statement of facts, the defendant demurred, and the Court below sustained the demurrer and nonsuited the plaintiff, to which decision of the Court, the plaintiff excepted, and now assigns the same for error in this Court.

[ 1. ]    The action was brought to recover from the defendant two hundred dollars, paid to him by the plaintiff, *through mistake.*

The argument for the defendant is, that inasmuch as it appears from the bill of particulars, that the plaintiff paid the money as tax collector, to the defendant as county treasurer, the law presumes he has paid it over to the county, whose officer he is.

The answer to this objection is, that the defendant, as county treasurer, was not legally bound to pay over to the county any more money received by him from the tax collector, than was *legally due the county.* The tax collector was chargeable with the amount of the taxes assessed by the receiver of tax returns, less the amount of his insolvent list. The county treasurer was entitled to receive from the collector the share to which the county was entitled under the law, and no more. The county treasurer was bound to pay over to the county the amount actually due to the county by the collector, in his hands, and no more. The declaration however alleges, that the defendant received, "by mistake *in fact,* $200 more than what was due said county of Sumter, for the year 1843, for taxes; and which sum of $200 *never was intended to be received as belonging to said county.*" If he did receive $200 more than was due the county for taxes, for the year 1843, (which the demurrer admits,) and which was never intended to be received as belonging to the county, the law does not presume he has paid it over to the county, but has appropriated it to his individual use. The presumption of law is, that all the money which was *legally due* the county from the tax collector, and which was paid to the county treasurer, has been paid over by him to the county, for the reason, it was his duty as such public officer, so to pay it over.

But does the law presume that the two hundred dollars paid to him by *mistake* as such public officer, more than was actually due the county for taxes, and *which was not intended to be received as belonging to said county,* has been paid by him over to the county? We think not; for the reason that the county had no legal right to

receive it, nor did the law impose any duty on him to pay it to the county.

The record does not disclose the fact that the defendant ever did pay the two hundred dollars to the county; and here is the error of the 'Court below, in assuming, *that he had so paid it.* If the defendant has paid over the money to the county, he can plead and prove that fact; it is a matter of defence for him; the law does not presume that he has so paid it, upon the statement made by this record. Admitting that the defendant was acting as the agent of the county, and did receive the two hundred dollars as such agent, yet, on the statement of facts here presented, the plaintiff is entitled to his action against him, for it does not appear that he has ever paid the money over to his principal.

In such cases, the true distinction is, when the money has [ 2. ] been paid *voluntarily,* and by mistake, to the agent, and *he has paid it over to his principal in good faith,* the agent is not liable; but if *he has not paid the money* over to his principal, or before he did pay it over he had *notice* of the mistake, and was required not to pay it, then the agent is personally liable. *Buller* vs. *Harrison,* 2 *Cowper R.* 568; *Cox* vs. *Prentice,* 3 *Maule & Selwyn,* 348; *Elliott* vs. *Swartwout,* 10 *Peters R.* 137.

There is another class of cases however, where the money has been paid to the agent, and by him paid over to the principal, in which the agent will be held liable; but these cases go upon the principle, that the payment was *not voluntarily* made—that it was *illegally* demanded. *Snowden* vs. *Davis,* 1 *Taunton R.* 358; *Ripley* vs. *Gelston,* 9 *John. R.* 201; *Clinton* vs. *Strong,* 9 *John. R.* 369.

The defendant in this case has received two hundred dollars by mistake, of the plaintiff's money, and which was not intended to be received by him as belonging to the county of Sumter; and it not appearing that he has ever paid any part thereof over to the county, we are of the opinion that the Court below erred in its judgment in sustaining the demurrer to the plaintiff's declaration.— Let the judgment of the Court below be reversed, and the case reinstated.

    Judgment below reversed.