## HORTON v. PINTCHUNCK.

1. Under the code of this State, the defendant in an action arising ex delicto may set up as a defense any claim or demand which he may have against the plaintiff for a similar cause of action, and if, in estimating the damages respectively sustained by the parties, the jury shall ascertain that those sustained by the defendant were greater in amount than those sustained by the plaintiff, the defendant may enter up judgment for the amount so found in his favor, and enforce the same by execution.

2. When in an action instituted to recover damages for a malicious prosecution the defendant by his answer admits the act complained of to have been done, he is entitled to all the privileges of one holding the affirmative of the issue, notwithstanding the answer goes further and avers that the act was done without malice and with probable cause.

Argued March 8,—Decided April 4, 1900.

Action for malicious prosecution. Before Judge Nottingham. City court of Macon. June term, 1899.

*M. G. Bayne* and *T. J. Cochran,* for plaintiff.
*Hardeman, Davis & Turner,* contra.

LITTLE, J. Horton instituted an action against Pintchunck, in the city court of Macon, in which he sought to recover damages for a malicious prosecution which he alleged Pintchunck commenced and carried on against him. The amount claimed as damages was one thousand dollars. The defendant filed a plea in which he admitted that he did swear out a warrant and caused the arrest of the plaintiff as alleged in the petition. He, however, averred the existence of certain facts which authorized him to do so, and which he claimed justified him in swearing out the warrant and causing the arrest of the plaintiff. By his plea he also admitted that the prosecution was ended, but denied the right of the plaintiff, under the facts averred to be true, to

recover damages against him. Then, in the nature of an answer, he filed a cross-petition against the plaintiff, in which it was averred that the plaintiff had injured and damaged him in the sum of one thousand dollars, because at a time alleged the plaintiff did commit the offense of assault and battery upon his person. The trial resulted in a verdict for the defendant. for fifty dollars as damages. Judgment was entered accordingly. The plaintiff, by his bill of exceptions, alleges that the court committed certain errors; among others, in charging the jury as follows: "Touching the plea of set-off filed by defendant, the court charges you that if you believe from the evidence plaintiff did commit upon the person of the defendant an assault and battery, and if you further believe from the evidence that such assault and battery was without legal justification under the law as already explained to you, you would be authorized to assess and award in favor of defendant against plaintiff such an amount for damages as, in your enlightened consciences as upright and impartial jurors, would be a fair compensation for the feelings, peace, and happiness of defendant, if you find that he is entitled to any damages for any wound to his feelings, or disturbance to his peace and happiness, caused, if any such was caused, by such assault and battery. If you find, under the rules of law given you by the court, that defendant is entitled to damages, you would be authorized to set off such damages against any sum for damages you may find for plaintiff, if you do find any, and render your verdict for either plaintiff or defendant, for such an amount as the damages awarded to either (if any) may exceed the damages if any awarded to the other." The specific objection made by the plaintiff to this charge is, that it authorized the jury to find a verdict in favor of the defendant against the plaintiff in a sum greater than plaintiff's proved damages. In this court, while admitting that damages arising from one alleged tort may be set off against a claim for damages similarly arising, the plaintiff contends that the same when set up can only operate as a defense, but does not authorize a verdict for any excess of the damage sustained in one case over that inflicted in the other; and we are cited to certain sections of our Civil Code to sustain

that contention. Section 4944 provides that "The defendant may also set up, as a defense, all claims against the plaintiff, of a similar nature with the plaintiff's demand." Section 3745 declares that "Set-off is a defense which goes not to the justice of plaintiff's demand, but sets up a demand against the plaintiff to counterbalance his in whole or in part."

1. The exact question made in this case is, whether such a set-off, when pleaded, exists merely as a defense in whole or in part against the plaintiff's action, or, if the damages sustained by the defendant are greater in amount than those which he inflicted on the plaintiff, can there lawfully be a verdict for the defendant for the difference in amount? This court in the case of *Ransone* v. *Christian,* 49 *Ga.* 491, construing the provision of section 4944 as set out above, held that the defendant in an action ex delicto may plead as a defense any claim he may have against the plaintiff which arises ex delicto. In delivering the opinion in that case, McCay, Judge, said that "this seems to us to be a very startling provision of the Code, and one which a common-law lawyer must read with astonishment. . . But so the law is written, and we have nothing to do but to enforce it as best we may." There can, therefore, be no question that the defendant in this case had the right to set up, as a defense to the action which the plaintiff instituted against him, the damages which he claimed to have sustained by reason of an assault and battery which it was alleged the plaintiff had inflicted on him. This right being established, then the provisions of section 5088 of the Civil Code must be held to apply. It provides that "In all cases of mutual debts and set-offs, where the jury shall find a balance for the defendant, such defendant may enter up judgment for the amount, and take out execution in such manner as plaintiffs may do by this Code." This provision of our statute law seems to settle the contention made, against the plaintiff, and it must be held that the set-off pleaded does not go alone as a defense to the action, but if the damages sustained by the defendant are proved larger than those shown to have been sustained by the plaintiff, the jury is authorized to find such balance for the defendant. So construing our statutes, the charge of the court was right, and the contention of the plaintiff must fail.

2. But it is further contended that the court erred in allow-
ing the defendant in error to have the opening and concluding
argument under the plea which he filed, and that the court erred
in holding such to be a plea of justification. It is insisted
that, inasmuch as the defendant denied that the prosecution in-
stituted by him against the plaintiff was done with malice and
without probable cause, such plea did not in law amount to a plea
of justification; and we are cited to the case of *Abel* v. *Jarratt,*
100 *Ga.* 732, as an authority for that proposition. A reference
to the decision in that case, however, will show that the ruling
on this point was confined to civil actions arising ex contractu;
and it was there held that in such cases the defendant, to be enti-
tled to the opening and conclusion, must admit facts which
without further proof authorize a verdict in the plaintiff's favor
for the amount claimed in the declaration. But another and
very different rule is prescribed in cases of tort, by the provi-
sion of our Civil Code, § 3891, which applies exclusively to ac-
tions of tort. It is declared that "if the defendant was author-
ized by law to do the act complained of, he may plead the same
as a justification;" and that section also declares that "by such
plea *he admits the act to be done,* and shall be entitled to all the
privileges of one holding the affirmative of the issue," which
clearly embraces the right to open and conclude. The case of
*Central of Georgia Railway Co.* v. *Morgan,* ante, 168, can not
be held as authority against this view. As we have seen, it has
been enacted that such a plea only admits the act to have been
done; and if the act was authorized, it is a justification. In
the *Morgan* case, supra, it was conclusively shown that the
amendment offered did not make a plea of justification; and
while the action was to recover damages for a tort, to wit, killing
a cow by the negligent operation of a railroad train, it was for
such a tort as could not be justified; a railroad company in the
operation of its trains might not be negligent in running over
and killing a cow, yet under no circumstances does the law *au-
thorize* the act to be done — it may relieve from damages, but it
does not give authority to a railroad company to kill a cow under
any circumstances. From the very nature of the case, no plea
of justification could have been filed, because there could be no.

justification.   Here the act complained of was for suing out a warrant and prosecuting the plaintiff for a violation of the criminal law of the State.   These acts are authorized to be done by the law, and it is only when they are done maliciously and without probable cause that a right of action exists, and, by the statute, a plea of justification may properly deny the malice, if it admits the act.   We construe the plea in this case to be one of justification, and when filed it entitled the defendant to the opening and conclusion.   In so ruling there was no error.

*Judgment affirmed.   All the Justices concurring.*