4847.  BINDER *et al.,* executors, *v.* GEORGIA RAILWAY & ELECTRIC CO.

1. The evidence supports the verdict.
2. The refusal to instruct the jury that they could consider, on the question of damages, the "worldly circumstances" of the defendant, even if the instruction should have been given, was not harmful error, since the verdict was for the defendant.
3, 4. There was no material error in rulings on testimony.
5. Where a suit is brought against a street-railway company to recover damages for failure to perform its duty of protecting a passenger from alleged wrongful conduct of its. motorman, the defendant, under the plea of the general issue, can introduce evidence showing that the conduct of the motorman was fully warranted and justifiable.

DECIDED SEPTEMBER 9, 1913.

Action for damages; from city court of Atlanta—Judge Reid. March 8, 1913.

.Binder sued the Georgia Railway & Electric Company for damages on account of an assault alleged to have been made upon him by an agent of the defendant while he was a passenger on one of its cars.  The verdict was in favor of the company, and the plaintiff's motion for a new trial was overruled.  The evidence makes substantially the following case:  Plaintiff, while a passenger, sitting at the front of the defendant's street-car, was attracted by a scuffle on the rear end of the car, and, on looking back, saw an inspector of the company removing forcibly a man from the rear platform.  The inspector, in so doing, pulled a black-jack from his pocket and hit the man with it across the face, and a stream of blood followed the blow.  The motorman yelled, "That's good, hit him again," and with that stopped the car and ran back to the rear platform.  Several passengers, including the plaintiff, stepped off the car.  One passenger said, "It is a shame to hit a man that way."  Plaintiff said, "Yes, it is a pity; the inspector shouldn't have struck him that way."  The motorman said to him, "It is none of your God damn business; he has got a right to kill

him if he wants to. You get to hell on the car; it is none of your business." Plaintiff replied, "I was not talking to you." The motorman ordered the passengers back on the car, and one passenger said to him, "If you are man enough, put me on." The passengers then got back on the car. The motorman continued to curse the plaintiff, and made a motion as if about to remove the brass lever, and seemed to be trying to draw him into a fight. The plaintiff was standing on the front platform, and both men and women heard the motorman's abuse of him. When the plaintiff got off at his destination he told the motorman that he was going to report him, and thereupon the motorman cursed and abused him, calling him a "God damn liar," as he left the car. He was mortified and humiliated by the conduct of the motorman, but, because of the presence of lady passengers, he controlled himself, saying nothing except that he intended to report the facts to the company and ask for the motorman's discharge. He testified that at his request his attorney wrote to the company, stating the facts and asking that the motorman be discharged, and agreeing that if this were done he would be satisfied. On the second day following he got on a car of the defendant company. He did not then see who was the motorman. When he was getting off the car at his destination the motorman, the one who was on the car on the previous occasion, recognized him, "shook his fist, and said, 'God damn,' and something like 'a Jew,'" which was not fully understood by the plaintiff. The testimony of the plaintiff as to these facts was corroborated by other passengers. In rebuttal the motorman testified, that the inspector who was trying to remove the man from the rear platform was his brother; that the plaintiff, who was on the front platform, said the inspector was "a dirty scoundrel;" that he (the motorman) said, "Go and tell him about it, don't tell me;" and the plaintiff said, "I will not do it; it is just a dirty outrage. The men of the street-car company are a set of damn thieves and scoundrels any way." Two witnesses testified that the plaintiff did not use the language imputed to him by the motorman. Besides the general grounds that the verdict was without evidence to support it and was contrary to law, the motion for a new trial contains in substance the following grounds: (1) that the trial judge refused to allow the plaintiff to prove the "worldly circumstances" of the defendant; (2) that the trial judge refused to

allow the plaintiff to prove that after the occurrence complained of, whenever the motorman saw him, and while the motorman was performing his duty for the company, he shook his fist and clinched his teeth at the plaintiff; (3) that the trial judge refused to allow the plaintiff to introduce in evidence the following extract from a letter of his attorney to the defendant: "Mr. Binder does not desire to hold the company responsible for his mistreatment by this motorman, provided the company will remedy the situation that permits a passenger to be thus insulted; he feels that such a man has no business in a position where he comes in contact with the public, and asks that you make a full investigation of this matter;" (4) that the judge erred in allowing the testimony of the motorman to go in evidence, since this testimony was introduced for the purpose of proving justification, when there was no plea of justification, but only a plea of the general issue. This exception is presented in several forms in the motion for a new trial.

*M. H. Silverman,* for plaintiffs.

*Colquitt & Conyers,* for defendant.

HILL, C. J. (After stating the foregoing facts.)

1. We think the general grounds of the motion for a new trial are without merit. The trial judge fully instructed the jury on the principles of law pertinent to the issues, as laid down in the case of *Mason* v. *N., C. & St. L. Ry.,* 135 *Ga.* 741 (70 S. E. 225, 33 L. R. A. (N. S.) 280). Of course, the general principle is well recognized that carriers are under a duty to exercise extraordinary diligence to protect passengers not only from the insults of the carrier's servants, but from the insults of fellow passengers. The jury were authorized to believe in this case, under the evidence of the motorman, that this passenger was not entitled to the protection of the company; for, if the evidence of the motorman is the truth of the transaction, the passenger had forfeited this right of protection by his abusive language and opprobrious words used to the motorman. The evidence preponderates against the motorman's testimony, yet the matter was for the exclusive determination of the jury, and if they believed the passenger did use opprobrious words to the motorman—the words to which the motorman testified, such words were sufficient to justify him in denouncing the statement made by the passenger, and might have justified an assault and battery (though the evidence does not show that the motorman

made an assault and battery, or even an assault, upon the passenger). A passenger has no license, because of his relation as passenger, to use opprobrious words and abusive language, without provocation, to an employee of the company in charge of the car; and if he does so, the employee has the right, within proper limitations, to protect himself and to resent the language of the passenger. Any provocation or aggravation by a passenger which will not fully justify the servant in his resentment will not free the master from liability. An act which may not amount to a justification may yet amount to a mitigation, and, if the mitigating circumstances be strong enough or the injury small, may furnish a basis only for recovery of nominal damages. But, according to the evidence of the motorman in this case, the passenger was wholly unjustified in using the opprobrious words and abusive language, and the motorman became thus entirely justified in his conduct, and such conduct could not be the basis of liability against the master. *Mason* v. *N., C. & St. L. Ry.,* supra, and cases therein cited.

2. Even if the refusal of the judge to allow the plaintiff to prove the worldly circumstances of the defendant company was erroneous, the error was immaterial and harmless in view of the verdict for the defendant. The jury never reached the question of the measure of damages, for they found a verdict generally for the defendant, and this question is merely a moot question here. *McBride* v. *Georgia Ry. & El. Co.,* 125 *Ga.* 515 (54 S. E. 674).

3. There was no error in the refusal of the judge to permit the plaintiff to show that subsequently to the tort complained of, the offending motorman, whenever he would see the plaintiff riding on his car, would shake his fist and clinch his teeth at the plaintiff. This subsequent conduct might furnish cause for a separate suit against the company, and might be construed to be an insult to the passenger, but it certainly was not relevant to the conduct made the basis of the present suit. The case of *Gasway* v. *A. & W. P. R. Co.,* 58 *Ga.* 216, relied upon by the plaintiffs in error, is not applicable to the questions made in this record. In that case the company retained the offending servant after knowledge of a tort for which the company was liable, and the subsequent conduct was pertinent to the point of ratification of the tort by the principal.

4. There was clearly no error in refusing to permit the introduction in evidence of an extract from a letter written by the

plaintiff's attorney to the defendant. This extract illustrates no question in the record, was entirely irrelevant and immaterial, and was self-serving on the part of the plaintiff.

5. The remaining grounds of the motion for a new trial present in different form the one point that the defendant could not prove justification of the conduct of the motorman and thus escape liability, without filing a formal plea of justification; that the proof was not admissible under the plea of the general issue. The rule is well settled as to torts that justification must be set up affirmatively and by a special, formal plea. *Ratteree* v. *Chapman, 79 Ga.* 574, 579 (4 S. E. 684). Pleas of justification refer to such torts as malicious prosecution, assault and battery, libel and slander, and the like. *Central Ry. Co.* v. *Morgan,* 110 *Ga.* 168, 171 (35 S. E. 345). A plea of justification admits the tort and sets up facts of justification, and under such a plea the defendant has the affirmative and assumes the burden of proving justification. In the present case the gravamen of the complaint is not primarily liability for the tort of the motorman, but liability for the neglect of the defendant company to discharge a public duty in the protection of its passengers from the insults of its employees, a duty which the law imposes upon it. In other words, the suit is based not on the wrong of the motorman in insulting the passenger, but upon the failure of the carrier to protect the passenger from the insult. A petition which did not allege this failure of the carrier to perform its duty would be subject to demurrer. Now, when the carrier denies by a plea the essential fact upon which the claim for damages is predicated, to wit, the failure to protect its passengers from insult, it can prove under that general denial any fact which under the law disproves its liability; and it effectually escapes liability by proof that it did not fail in the performance of this obligation. Proof that the offending servant was justified in the use of the language complained of, or the insult given, or the unlawful act, necessarily proves that the carrier has not failed in the performance of its duty to the passenger. It would seem to be logically and legally impossible to file a plea of justification when the gist of the action is a neglect of duty. If the defendant admits the allegations of negligence it necessarily admits not only prima facie liability, but ultimate liability. In other words, it can not justify its negligence in failing to perform its duty to the passenger, for

the law authorizes no such defense; and if it admits its own negligence in this respect, it can only defend by showing either that the plaintiff's negligence was the proximate cause of the injury, or that the plaintiff, by the exercise of ordinary care, could have known of the defendant's negligence and avoided its consequences; and either of these defenses can be made under the general denial. We think this view is not only in consonance with sound reason, but is clearly deducible from decisions of the Supreme Court. In *Central Ry. Co.* v. *Morgan, supra,* it was held that a plea of justification could not be made to a suit for injury to property by the running of a railroad train, and that all the evidence tending to show justification was admissible under a plea of the general issue. In *Chapman* v. *A. & W. P. R.*, 74 *Ga.* 547, it was said that to constitute a plea of justification, the facts alleged must be such as are not admissible under the plea of the general issue. *Horton* v. *Pintchunck,* 110 *Ga.* 355, 358 (35 S. E. 663); *Brunswick & Western R. Co.* v. *Wiggins,* 113 *Ga.* 842, 846 (39 S. E. 551, 61 L. R. A. 513); *Cole* v. *A. & W. P. R. Co.,* 102 *Ga.* 474, 476 (31 S. E. 107).

We conclude that the case was fairly tried; and while the evidence preponderates against the verdict, there was some evidence to support it; and as no error of law of a prejudicial character is shown by the record, this court will not disturb the judgment refusing another trial.     *Judgment affirmed.*