## 26288. GEORGIA POWER COMPANY *v.* BANKS.

DECIDED DECEMBER 2, 1937.

*P. M. Anderson,* for plaintiff.

*M. Price, C. L. Cowart,* for defendant.

MACINTYRE, J. "Georgia Power Company, a corporation," sued B. A. Banks on open account for a balance due of $187.70 for electric current. The defendant first filed an answer denying indebtedness. Subsequently this answer was amended twice. De-

murrers to these amendments were overruled, and a jury returned a verdict in favor of the defendant for $500 damages.

The controlling question running throughout the case is whether the defendant was seeking to recoup or set off a tort against a contract. This question is first presented by proper exceptions to the judgment overruling the demurrers. By paragraph, the first amendment to the answer is as follows: "1. Plaintiff did not use the electric current sued for in the first item of the account and amounting to $190.70, and the other items were paid, as shown in the account. 2. When presented with said account, defendant insisted that there was a mistake in said item; and plaintiff's agents admitted that a mistake had been made, and stated that they would endeavor to get the matter adjusted. 3. After having the matter under investigation for several weeks, plaintiff insisted upon the defendant's paying for said current which he did not consume," and refused his offer to pay for all the current actually consumed, and for even more than was consumed. 4. Although the defendant "offered to pay the plaintiff for all current consumed, and did actually pay the plaintiff for service for more than three months thereafter, the plaintiff, in spite of the actual and honest difference between them, and over the protest and against the will of defendant, cut off the service. *Defendant says that the act of the plaintiff in cutting off his service and refusing to render him service was wilful and malicious, and done for the purpose of injuring and damaging him, and was done in bad faith."* By reason of said act of the plaintiff the defendant incurred damages in the sum of $1000, said damages consisting of items for lost profits in his business of $35, an item of $150 for machinery rendered worthless and discarded, an item of $675 for machinery operated by fuel, *"which expense would not have been incurred but for said unlawful and unwarranted act of the plaintiff,"* and an item of $75 for installing machinery. 5. *"Plaintiff is a public-service corporation, and as such is required by law to supply its current to the general public, and . . the act of the plaintiff in cutting off his current was and is illegal and unauthorized by law,* and especially so since defendant had paid every bill that was presented to him for service except the one about which there was, on the part of defendant, an honest belief and knowledge that he did not owe the same, and plaintiff knew that defendant would pay

every cent that he honestly owed the plaintiff." At the end of the amendment this language occurs: "Defendant says that he should recover from the plaintiff his actual damage as herein set out; *and that he should recover punitive damages as sued for, because of the bad faith of the plaintiff as herein alleged.*"

The special demurrers did not raise the question that the foregoing amendment was an attempt to recoup or set off a tort against a contract, and the general demurrer was that "said amendment as a whole . . sets forth no matter of defense." We shall first state that in our opinion the general demurrer did raise the question that the amendment was seeking to recoup or set off a tort against a contract. See *McArthur* v. *Wilson,* 13 *Ga. App.* 502 (79 S. E. 374) ; *Martin* v. *Barlow Iron Works,* 35 *Ga.* 320; *Linder* v. *Wimberly,* 158 *Ga.* 285, 290 (123 S. E. 129). To avoid repetition we have set out the substance of the first amendment to the answer, and italicised certain parts of it. The second amendment is an elaboration of the first. No contract, written or oral, is pleaded either in the petition or in the answer as amended, and our view is that the amendment substantially alleges that the plaintiff wilfully, maliciously, and in bad faith cut off the defendant's current in violation of its legal duty as a public-service corporation to furnish the defendant with electricity. It will be observed in this connection that the amendment seeks punitive damages, and that under the Code, § 20-1405, "Exemplary damages can never be allowed in cases arising on contracts." We hold that the amendment to the answer was an attempt to set off a tort against a contract, and that the court erred in overruling the general demurrer to it. See *Porter* v. *Davey Tree-Expert Co.,* 34 *Ga. App.* 355 (3) (129 S. E. 557) ; *Ragan* v. *Standard Scale Co.,* 123 *Ga.* 14 (50 S. E. 951) ; *Garrison Motor Co.* v. *Parrish,* 52 *Ga. App.* 766, 771 (184 S. E. 766) ; Code, § 3-113.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., disqualified.*