30679. HOLLOWAY *v.* DORSEY.

Decided January 17, 1945.

*D. E. Griffin,* for plaintiff in error.

*J. W. Dennard,* contra.

GARDNER, J. It will be noted that the plaintiff in his petition asked for no damage. He asked only for a restraining order against a continuing trespass. This is the extent of the plaintiff's suit. The allegations in it as to the former relationship are merely allegations of inducement. The defendant's plea alleged a cause of action arising ex contractu. Our understanding of the law is that a claim arising ex contractu can not be asserted against the opposite party's ex delicto action, and vice versa, except where the opposite party is either a non-resident or insolvent. *Standhardt* v. *Hardin,* 145 *Ga.* 147 (88 S. E. 565). The Code, § 3-113, controls this question. This section reads as follows: "All claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined. The defendant may also set up, as a defense, all claims against the plaintiff of a similar nature with the plaintiff's demand." In *Ransone* v. *Christian,* 49 *Ga.* 491, 506, the Supreme

Court said: "It is impossible to escape from the conclusion that by claims of a similar nature with the plaintiff's demand, is meant claims arising ex delicto or ex contractu, accordingly as the demand of the plaintiff is ex contractu or ex delicto." See also *Horton* v. *Pintchunck*, 110 *Ga.* 355 (35 S. E. 663); *Georgia Power Company* v. *Banks*, 56 *Ga. App.* 774 (194 S. E. 63). The general rule is that actions ex contractu can not be joined with actions ex delicto. "It is well settled that damages ex delicto can not be set off against an action ex contractu except in equity cases of insolvency or non-residence. *Arnold* v. *Carter*, 125 *Ga.* 319, 324 (54 S. E. 177); *Strickland* v. *Bank*, 141 *Ga.* 565 (81 S. E. 886); *Potts-Thompson Liquor Co.* v. *Capitol City Tobacco Co.*, 137 *Ga.* 648 (74 S. E. 279); Civil Code (1910), § 5521." *Williamson* v. *Calhoun*, 49 *Ga. App.* 631 (176 S. E. 653). There are other cases to the same effect. We do not deem it necessary to call attention to other authorities. Anyone interested in pursuing the decisions further may do so by referring to the annotations in Ga. Code Ann., under § 3-113. The court did not err in the judgment to the effect that when the plaintiff dismissed his petition this carried the plea and answer with it.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*