31988. OVERSTREET *et al. v.* SCHULMAN.

Decided June 5, 1948. Rehearing denied June 18, 1948.

322

*M. C. Barwick, Q. L. Bryant, Hugh Howell*, for plaintiff.
*Maurice Steinberg, N. J. Smith*, for defendant.

PARKER, J. ▮ We think the court erred in allowing the amendments to the answer of the defendant. The first amendment related to an alleged course of conduct pursued by the plaintiffs, beginning before the filing of the suit and continuing for sometime thereafter, which was alleged to be fraudulent and to constitute a conspiracy against the defendant to wrongfully oust him from the partnership and deprive him of his rights therein. The amendment alleged that the filing of the suit by the plaintiffs was a part of the conspiracy; that the sale ordered by the court and made by the receiver and then confirmed by the court, although all the parties and their counsel agreed thereto in open court, was void and was a part of the fraud perpetrated on the defendant; and that the climax of the fraudulent scheme was the sale by the plaintiffs of the property at $48,000 bought from the receiver at $35,000. Although a defendant may plead matter in defense which has arisen since the suit was filed (*Horne* v. *Rodgers*, 103 *Ga.* 649 (2), 30 S. E. 562; *Cook* v. *Georgia Land Co.*, 120 *Ga.* 1068, 48 S. E. 378), the matter pleaded must be germane and material to the defense. The amendment here was in effect a damage suit by the defendant against the plaintiffs for bringing the very action in which the amendment was filed. "There is no law by which every case brought by a plaintiff can be turned into a damage suit by the defendant against the plaintiff for bringing it while it is still pending."

*Fender* v. *Ramsey,* 131 *Ga.* 440, 443 (62 S. E. 527). See also *Ellis* v. *Millen Hotel Co.,* 192 *Ga.* 66, 70 (14 S. E. 2d, 565)', and citations. The defendant could not attack as void a receiver's sale confirmed by the court upon his consent and agreement thereto in open court; and after the property was purchased by the plaintiffs at such sale, the defendant had no further interest therein.

Furthermore, the amendment was based on alleged fraud while the action of the plaintiffs was on contract. Ordinarily claims arising ex delicto can not be pleaded against actions ex contractu, unless nonresidence or insolvency of the opposite party or other exceptions not here involved be alleged. Code, § 3-113; *McLendon Bros.* v. *Finch,* 2 *Ga. App.* 421, 426 (58 S. E. 690); *Cornett* v. *Ault,* 124 *Ga.* 944 (53 S. E. 460) ; *Quitman Cooperage Co.* v. *Peoples Bank,* 178 *Ga.* 90 (172 S. E. 17).

If the counterclaim for damages by the defendant grew out of a breach of the contract sued on, and could be asserted as a plea of recoupment, the amendment was not good because it claimed damages not recoverable even under such a plea. "When one partner seeks, by way of recoupment, to have a deduction made from the amount of the claim of the other in the profits, on account of fraud or neglect, or acts of disloyalty to the partnership, whereby the interest of the firm suffered damage, such deduction can not go beyond the amount of the damage proven." *Tutt* v. *Land,* 50 *Ga.* 339 (5) ; *McConnell* v. *Stubbs,* 124 *Ga.* 1038 (53 S. E. 698). The additional damages claimed in the amendment were $11,500 as one-half of the difference between $25,000, the amount the partnership owed the plaintiffs when the suit was filed, and $48,000, the amount the plaintiffs got for the property on a resale made by them. Another item of damage claimed was $3000 for one-half of prospective profits the partnership would have made had the suit not been filed. The defendant can claim no interest in any amount received by the plaintiffs for the property formerly owned by the partnership, because, as already stated, he had no interest therein after the sale made by the receiver to the plaintiffs had been confirmed by the court. For the same reason the defendant could not recover for prospective profits on uncompleted contracts where he agreed in effect to the dissolution of the partnership by consenting, agree-

ing and acquiescing in the sale of all partnership property by the receiver appointed by the court. Furthermore, as to the $3000 claimed for prospective profits, the allegations were wholly insufficient to authorize such damages. The amendment also claimed $10,000 as punitive damages. Since the action was based on a contract, and the defense offered in the amendment was based on a breach of that contract, although the defense sounded in tort, we do not think punitive damages were recoverable. "Exemplary damages can never be allowed in cases arising on contracts." Code, § 20-1405; *Georgia Power Co.* v. *Banks*, 56 *Ga. App.* 774, 776 (194 S. E. 63) ; *Ford* v. *Fargason*, 120 *Ga.* 708 (2) (48 S. E. 180). No damages that could be legally collected by the defendant were alleged in the amendment, and it should have been disallowed by the court.

■ The second amendment of the defendant which was allowed by the court over the objections of the plaintiffs, to which they excepted, was an effort to admit a prima facie case in the plaintiffs, and assume the burden of proof, and have the benefit of opening and concluding the argument before the jury. This amendment was based on the first amendment which we hold was improperly allowed and it follows that the second amendment was not good. Furthermore, we do not think the second amendment admitted a prima facie case within the meaning and purpose of the law.

■ The first special ground of the amended motion for new trial relates to the amendment of the defendant undertaking to assume the burden of proof, and has been disposed of by the ruling in division 2. All other special grounds of the motion relate to the charge of the court or to evidence admitted by the court in the light of the amendments to the answer then before the court. Since the amendments were improperly allowed all that took place thereafter was nugatory and it is not necessary to consider these special grounds of the motion.

Under the view that we take of this case, it should be submitted to the jury on the original petition of the plaintiffs and the original answer of the defendant. The defendant claimed in his original answer that the partnership was indebted to him in the sum of $3600 for salary and expenses incurred by him in behalf of the partnership, and he prayed for judgment in that

amount against the plaintiffs, or the receiver, with a lien against the property or funds in the hands of the plaintiffs or the receiver. The oral motion of the plaintiffs to strike those allegations and prayers from the answer was properly overruled. While the amendment claiming the damages, as dealt with in division 1, also prayed again for judgment for the $3600, and we are holding that that amendment should have been disallowed, we do not hold that the claim for $3600 should have been stricken. It was contained in the original answer and it was not necessary for the defendant to plead this item again.

*Judgment reversed. Sutton, C. J., concurs. Felton, J., concurs specially.*