37599.   SEAGRAVES *v.* NUNNELLY.

DECIDED APRIL 16, 1959.

*H. Thad Crawley,* for plaintiff in error.

*Hatcher, Smith, Stubbs & Rothschild, Albert W. Stubbs,* contra.

NICHOLS, Judge.   No contention is made that the defendant's allegations of negligence were insufficient to support a cause of action if such allegations had been contained in an original petition against the plaintiff.   The only contention made by the plaintiff is that where a plaintiff sues a defendant for an alleged tort the defendant is limited as to the amount that he can recover in a cross-action to the amount sought by the plaintiff in his original petition against the defendant, or—to state it differently—that, in law, a defendant can not sue in a cross-action for more than the amount that he is being sued for in the main action.

"One who goes into the court of a county other than that of his residence, to assert a claim or set up an equity, must be content to allow that court to determine any counter-claim growing out of the original suit which the defendant sees fit to set up by a cross-action." *Ray* v. *Home & Foreign Investment &c. Co.,* 106 *Ga.* 492, 497 (32 S. E. 603).   In *Horton* v. *Pintchunck,* 110 *Ga.* 355, 357 (35 S. E. 663), a tort action, it was said: "The exact question made in this case is, whether such a setoff, when pleaded,

exists merely as a defense in whole or in part against the plaintiff's action, or, if the damages sustained by the defendant are greater in amount than those which he inflicted on the plaintiff, can there lawfully be a verdict for the defendant for the difference in amount? This court in the case of *Ransone* v. *Christian*, 49 *Ga.* 491, construing the provision of section 4944 [Code § 3-113] . . . held that the defendant in an action ex delicto may plead as a defense any claim he may have against the plaintiff which arises ex delicto. In delivering the opinion in that case, McCay, Judge, said that 'this seems to us to be a very startling provision of the Code, and one which a common-law lawyer must read with astonishment. . . But so the law is written, and we have nothing to do but to enforce it as best we may!' There can, therefore, be no question that the defendant in this case has the right to set up, as a defense to the action which the plaintiff instituted against him, the damages which he claimed to have sustained by reason of an assault and battery which it was alleged the plaintiff had inflicted on him. This right being established, then the provisions of section 5088 of the Civil Code [Code of 1933, § 39-606] must be held to apply. It provides that 'In all cases of mutual debts and set-offs, where the jury shall find a balance for the defendant, such defendant may enter up judgment for the amount, and take out execution in such manner as plaintiffs may do by this Code.' This provision of our statute law seems to settle the contention made, against the plaintiff, and it must be held that the setoff pleaded does not go alone as a defense to the action, but if the damages sustained by the defendant are proved larger than those shown to have been sustained by the plaintiff, the jury is authorized to find such balance for the defendant." Accordingly, the judgment of the trial court overruling the plaintiff's oral motion to dismiss the defendant's cross-action was not error, and the verdict for the defendant, in the full amount sought by his cross-action, was not error as being controlled by an erroneous antecedent judgment.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*