37589. DELL *et al.* v. KUGEL *et al.*

Decided May 18, 1959.

Harry V. Lamon, Jr., Robert L. Marchman, Crenshaw, Hansell, Ware & Brandon, Henry M. Hatcher, Johnson, Hatcher, Meyerson & Irvin, for plaintiffs in error.

G. Eugene Ivey, contra.

QUILLIAN, Judge. ■ Headnote 1 requires no elaboration.

■ The merit of the exception to the judgment rendered in the plaintiffs' favor involves the solution of the questions: (a) did the petition as originally drawn set forth a cause upon which

the judgment could be legally entered; (b) was the petition subject to the general demurrers filed by the defendant or to special demurrers that effectively attacked any of its averments material to the plaintiff's right to the sums recovered; (c) did the answer of either defendant or the cross-bill of the defendant Swims, Williams & Bray Construction Company set up an issuable defense.

If the allegations of the petition did not show the right of the plaintiffs to recover the full amount for which the judgment was entered against both defendants, the default judgment was erroneously entered. *Nix* v. *Luke,* 96 *Ga. App.* 123 (1) (99 S. E. 2d 446).

■ The petition set forth a cause of action against Robert C. Dell, Jr., for the $1,500 alleged to have been deposited with him (*Rogers* v. *Durrence,* 10 *Ga. App.* 657, 73 S. E. 1083; *Lightfoot* v. *King,* 25 *Ga. App.* 80 (2), 102 S. E. 468; *Scarbrough* v. *Novak,* 92 *Ga. App.* 488, 88 S. E. 2d 800), and showed the right of the plaintiffs to recover of Swims, Williams & Bray Construction Company the $600 alleged to have been paid to E. J. Swims, president and agent of Swims, Williams & Bray Construction Company as earnest money under the terms of the contract, which is unenforceable for the reasons stated in *Williams* v. *Gottleib,* 90 *Ga. App.* 438 (1) (83 S. E. 2d 245). See also *Morgan* v. *Hemphill,* 214 *Ga.* 555 (105 S. E. 2d 580).

The appropriate remedy for the recovery from the defendants of the amount for which each was liable was that employed by the plaintiffs, an action for money had and received. *Reid* v. *Hemphill,* 82 *Ga. App.* 391 (61 S. E. 2d 201); *Whitehead* v. *Peck,* 1 *Ga.* 140; *Culbreath* v. *Culbreath,* 7 *Ga.* 64 (50 Am. Dec. 375).

The petition failed to set forth a right of recovery for the $1,500 against Swims, Williams & Bray Construction Company because it does not allege that defendant ever received the $1,500. "An action of assumpsit for money had and received is founded upon equitable principles, and the pleadings must allege and the proof must show that the money or its equivalent was actually received by the defendant or his agent. See *King* v. *Forman,* 71 *Ga. App.* 75 (30 S. E. 2d 214)." *Carter* v. *Turbeville,* 90 *Ga. App.* 367, 372 (83 S. E. 2d 72).

In discussing payments made to a realty broker under the terms of a contract in every material particular similar to the contract in this case this court held in *Carter* v. *Turbeville*, supra, at p. 371, "The payment of earnest money to Lynes Realty Company is not, under the terms of this contract, equivalent in law to payment to the defendant seller. In this connection, see *Kenny* v. *Walden*, 28 *Ga. App.* 810, 811 (113 S. E. 61), and *Stiles* v. *Edwards*, 79 *Ga. App.* 353, 359 (53 S. E. 2d 697)."

The petition failed to show a right of recovery against Robert C. Dell, Jr., for the $600 earnest money alleged to have been paid to Swims, Williams & Bray Construction Company because Dell was not alleged to have received or retained the $600. *King* v. *Forman*, 71 *Ga. App.* 75 (2), supra; *Lary* v. *Hart*, 12 *Ga.* 422.

■ In an action for money had and received brought to recover money paid and received by reason of mutual mistake of law, interest accrues not from the time the money is received, but from the date on which demand for its return is made. Chief Justice Bleckley in the case of *Georgia R. & Bkg. Co.* v. *Smith*, 83 *Ga.* 626 (5) (10 S. E. 235) held: "The general rule is that on money paid by mistake, where there is no fraud or misconduct by the party receiving it, interest does not run until after demand." See also Code § 57-107.

The rule is to the contrary where one obtains and retains possession of another's money *mala fides*, that is, through fraud, theft or artifice. *Riggins* v. *Brown*, 12 *Ga.* 271 (8); *Anderson* v. *State*, 2 *Ga.* 370; *Allen* v. *Allen*, 198 *Ga.* 269, 280 (31 S. E. 2d 483), and citations.

■ "An action for money had and received lies against one who holds the money of another which he ought in equity and good conscience to refund. Where more than one person is sued, a joint recovery of the whole amount against all will not be authorized, unless it appears that all received the money jointly. If it was not so received, the plaintiff can only recover from each defendant separately the amount shown to have come into his hands." *Great Southern Accident &c. Co.* v. *Guthrie*, 13 *Ga. App.* 288, 290 (79 S. E. 162).

Accepting the averments of the petition as true, the plaintiffs were entitled to a judgment designating the amount for which

560

each defendant was liable, and taxing the costs against both defendants. However, to enter a joint judgment against both defendants for the aggregate amount of money received and retained by each was error.

■ It is apparent from the rulings made that the judgment entered in the plaintiffs' favor must be set aside and a new trial ordered. But we find it necessary to further discuss phases of the case including the contentions of the parties presented by their respective demurrers, the defendants' answers and the defendant Swims, Williams & Bray Construction Company's cross-action. If these contentions are not now disposed of they will upon another trial of the case be again urged in the same or in other forms. A determination of these questions by this court is mandatory under the provisions of Ga. L. 1957, pp. 224, 230 (Code, Ann., § 6-701).

■ The defendants correctly contend that the proper order of passing upon demurrers filed, interposed by the opposite parties, plaintiff and defendant, to the petition and defensive pleadings, is to first dispose of the demurrers to the petition and then consider the objections made to the defendant's pleadings. Code (Ann.) § 81-1002; *Firemen's Ins. Co.* v. *Oliver*, 46 *Ga. App.* 507, 509 (167 S. E. 909). However, unless the petition was subject to general demurrer, or valid grounds of special demurrer the sustaining of which would have the effect of striking allegations essential to the plaintiffs' right to have the judgment which was entered in their favor, the order in which the demurrers were passed upon was immaterial, and the failure to pass upon the demurrers was harmless. *Seaboard Air-Line Ry. Co.* v. *Jolly*, 160 *Ga.* 315 (127 S. E. 765).

Rulings appearing in the third division of this opinion show the petition not to be subject to general demurrer. But in order to clarify the law applicable to the case, we shall discuss two of the grounds of general demurrer specially insisted upon by the defendants.

■ One of these grounds was based upon the theory that the voluntary payments made under the invalid contract were not recoverable.

In a number of the cases to which we have referred as sup-

porting the proposition that a suit for money had and received lies where one receives and retains money to which another is entitled, there is also authority for the position that money voluntarily paid another through mistake of law may be recovered. Typical of the cases applicable to the question are *Reid* v. *Hemphill*, 82 *Ga. App.* 391, supra, and *Lightfoot* v. *King*, 25 *Ga. App.* 80 (1), supra.

However, the case of *Whitehead* v. *Peck*, 1 *Ga.* 140, supra, contains an expression of doubt ventured by Justice Lumpkin as to whether usury voluntarily paid could be recovered in an action for money had and received. The case of *Parker* v. *Fulton Loan &c. Assn.*, 42 *Ga.* 451 (1) obliterates that doubt in the following language: "That usury voluntarily paid may be recovered back, under the laws of this State; Code, Section 2025, declares the contract as to usury void, and is in affirmance of the principles of the common law, as has been settled by this court, and is sustained by a long series of decisions, sanctioned by the highest and most eminent judicial authority."

■ Another ground of the demurrer urged that the payment of the $600 heretofore referred to could not have been, as the petition alleged, paid as earnest money, because the invalid contract contained the clause: "In the event this contract is not consummated by above date the seller hereby grants the purchasers an extention of time, not to exceed 6 months from above date. In consideration of this extension purchasers hereby agree to pay $100 per month to seller for each month of extension. It is expressly understood by purchasers and sellers that consummation of sale will be executed within the time limit of the above stated extension." It is obvious that the clause referred to was as invalid and unenforceable as the contract in which it was contained. It was of no consequence that the money was denominated earnest money, or otherwise designated; it was paid and received in carrying out the invalid contract, and accordingly was recoverable in an action for money had and received.

■ The defendants demurred specially because the petition did not allege the time or times when the $600 referred to in paragraph 7 of the petition was paid to the defendant Swims, Williams & Bray Construction Company.

■

The petition showed the contract was signed on July 18, 1957, and the record discloses the suit was filed on June 23, 1958. The payment of the $600 was necessarily made between those dates. In the case of *Ellis* v. *Pullman & Co.*, 95 *Ga.* 445 (3) (22 S. E. 568) is the pronouncement: "Averments in the petition to the effect that the alleged misappropriation occurred between the 24th of October, 1892, and the 29th of August, 1893, were sufficiently specific as against a special demurrer alleging that there were 'no allegations of the time of the misappropriation'."

The allegation as to the time of the payment of the $600 was sufficiently definite to enable the plaintiffs to recover that amount, but the failure to allege the precise date of payment or the exact time of demand for its repayment, precluded the plaintiffs' right to recover interest except from the time when the suit was filed.

■ A special demurrer attacked the petition on the ground that the time of the demand alleged to have been made upon the defendants was not set forth. There is no merit in the ground. It is not necessary to a well-pleaded action for money had and received that a demand for the return of the money be alleged. *Bank of Oglethorpe* v. *Brooks*, 33 *Ga. App.* 84 (6) (125 S. E. 600); *Jasper School District* v. *Gormley*, 57 *Ga. App.* 537, 544 (196 S. E. 232); *Bass* v. *Cates*, 74 *Ga. App.* 363, 369 (39 S. E. 2d 550). The general rule in other cases of assumpsit is the same. *Farmers & Merchants Bank* v. *Bennett & Co.*, 120 *Ga.* 1012, 1015 (48 S. E. 398).

■ The defendants demurred generally to the petition's prayer for interest on the ground that the plaintiffs were not as a matter of law entitled to recover interest on the principal amounts for which recovery was prayed. This ground of demurrer is without merit for the reasons stated in division 4 of this opinion.

■ The defendant specially demurred to the prayer of the petition for the recovery of interest on the ground that the prayer was contrary to other allegations of the petition. The ground did not designate the allegation of the petition referred to as being in conflict with the prayer, and hence was too indefinite to be considered. The remaining grounds of the special

demurrers to the petition are either themselves technically too imperfect to be considered or are without merit.

■ Whether the answer of either defendant should have been stricken depends upon whether it presented an issuable defense to the cause alleged in the petition. Consideration need not be given to the question as to whether the denial in each of the answers to paragraph 11 in each answer constituted the denial of a fact alleged in the petition for the reason that averments of those paragraphs were not essential to the plaintiffs' right of recovery. Each count of the petition set out a complete cause for money had and received against each of the defendants. Each of the defendants' answers denied that the defendants received and retained the $1,500 as alleged in the petition. However, both answers admitted the execution of the contract, a copy of which was attached as an exhibit to the petition. The attached exhibit showed the money was received by the defendant Bob Dell Realty Company.

"The general rule is that allegations in a petition must yield to contradictory facts shown in exhibits attached thereto. *Equitable Credit &c. Co.* v. *Murray*, 79 *Ga. App.* 795 (2) (54 S. E. 2d 650); *Atlanta Journal Co.* v. *Doyal*, 82 *Ga. App.* 321, 325 (60 S. E. 2d 802)." *Harris* v. *Ackerman*, 88 *Ga. App.* 128 (1) (76 S. E. 2d 132). This rule is adhered to in *Williams* v. *Appliances, Inc.*, 91 *Ga. App.* 608 (86 S. E. 2d 632). It applies with equal force to the allegations of an answer which is in conflict with the facts shown in an exhibit attached to the petition and admitted in the answer to be genuine.

■ However, the answer of Swims, Williams & Bray Construction Company denied receiving the $600 alleged to have been paid that defendant as earnest money, and the answer of Robert C. Dell, Jr., likewise denied receiving that sum.

The ruling in *Cornett* v. *Frederic W. Ziv Co.*, 93 *Ga. App.* 840 (2) (93 S. E. 2d 188) applicable here is ". . . the denial of any paragraph or portion of a paragraph alleging a fact essential to the plaintiff's recovery sets forth a valid, issuable defense; hence an answer containing such denial is not subject to general demurrer."

Thus it appears that the answers each set up an issuable de-

564

fense sufficient to prevent the case's being marked in default, or final judgment being entered on the pleadings.

■ The cross-bill failed to show a right of the defendant Swims, Williams & Bray Construction Company to recover any amount of the plaintiffs for several reasons.

■ The cross-action undertook to set up as a basis of recovery a verbal contract of conflicting terms to the written contract between the parties. *Board of Education of Glynn County v. Day,* 128 *Ga.* 156, 166 (57 S. E. 359); *Stonecypher v. Georgia Power Co.,* 183 *Ga.* 498, 499 (3) (189 S. E. 13). The defendant Swims, Williams & Bray Construction Company in their answer explicitly denied that the written contract between the parties was invalid, thus electing to stand upon that contract. The written contract upon which the defendant chose to stand contained the clause: "This contract constitutes the sole and entire agreement between the parties hereto and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto."

■ The cross-bill set up no right of recovery because the verbal contract it undertook to plead was within the statute of frauds which requires contracts for the sale of land to be in writing. Code § 20-401 (4); *Stanaland v. Stephens,* 78 *Ga. App.* 68 (3) (50 S. E. 2d 258).

■ The cross-action did not disclose the terms or provisions under which the verbal contract contemplated the sale of the realty would be made, such as when the sale would be consummated or whether for cash or credit.

■ The latter part of the cross-action undertook to allege that the plaintiff without the defendant Swims, Williams & Bray Construction Company's permission or consent went upon the former's premises and damaged them, and undertook to set up a cause ex delicto against a cause ex contractu. In the case of *Georgia Power Co. v. Banks,* 56 *Ga. App.* 774, 776 (194 S. E. 63) it is stated: "We hold that the amendment to the answer was an attempt to set off a tort against a contract, and that the court erred in overruling the general demurrer to it."

The trial judge did not err in dismissing the cross-action, but erred in striking the defendants' answers, and in entering final judgment for the plaintiffs.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Nichols, J., concur.*