## BARFIELD v. McCOMBS.

89  799
f124 999

1. Where the defendant in the justice's court introduced no evidence, and a materal part of the evidence for the plaintiff was not legally admissible because it was in parol, the court having erroneously excluded a writing which was indispensable to a recovery by the plaintiff, the superior court in sustaining a *certiorari* ought not to make a judgment disposing finally of the case, but should send it back for a new trial, there being no presumption that the illegal evidence admitted was not objected to.

2. Counsel employed both as attorney and agent to manage and conduct proceedings to collect a mortgage, has authority to bind his client to pay off, out of the proceeds of the property, a superior lien upon it in favor of another creditor which is being enforced by levy, and thereby free the property from such levy and lien.

3. After the lapse of a reasonable time for converting agricultural products into money, the presumption is that this has been done

relatively to a debt which by express contract is made payable out of the proceeds of such property, and an action for money had and received will lie.

4. Exceptions to the answer of a magistrate to a writ of *certiorari,* founded on matters not referred to in the petition and not essential to the adjudication of the errors complained of, may be overruled or disregarded. The original papers in a justice's court case are not to be sent up in answer to a *certiorari.*

5. Service of the written notice of a *certiorari* upon the counsel who represented the party in the justice's court when the trial excepted to was had, is sufficient though the counsel may have been settled with and discharged. For this purpose his relation of attorney to his client continued. Code, §4059; *Clark* v. *Pigeon Roost Mining Co.,* 29 *Ga.* 29.        *Judgment reversed in part.*

August 1, 1892.

*Certiorari.* Practice. Service. Evidence. Attorney and client. Presumption. Before Judge FISH. Dooly superior court. September adjourned term, 1891.

*Certiorari* was sustained, the court rendering final judgment in favor of the plaintiff; and the defendant excepted. It is assigned as error that the court overruled a motion to dismiss the *certiorari* on the ground that there was no proper notice of its sanction and of the time and place of hearing it, the counsel upon whom the notice was served (Busbee & Crum) stating in their place (which statement was uncontroverted) that they had been employed only for the purpose of representing the defendant in the justice's court, that they had been paid off and discharged at the time of the trial in the justice's court and had had no connection with the case since that trial, and that they had no authority to acknowledge service or to represent the case in the superior court. They admitted that at the time notice of the *certiorari* was served on Crum, the member of the firm who appeared for the defendant in the justice's court, he did not notify the counsel for the plaintiff that he no longer represented the defendant, but took notice of the *certiorari* as if he did represent defendant, and said nothing about not representing him until the *cer-*

*tiorari* was called for trial in the superior court. And counsel for the plaintiff stated in their place that they had no notice that Busbee & Crum did not still represent Barfield, until the *certiorari* was called for hearing.

The action was for money had and received. The plaintiff introduced the testimony of himself and of D. L. Henderson, as follows: The defendant employed Henderson as his attorney in October, 1890, to foreclose a mortgage which defendant had upon the crops of one Pollock, giving Henderson full control of the case both as agent and attorney, telling him to do whatever he thought best in the matter. Henderson foreclosed the mortgage, and a levy was made on certain crops. Before sale of the property, a distress warrant for $83.20 was sworn out by plaintiff as Pollock's landlord, and was placed in the levying officer's hands; whereupon Henderson told plaintiff that if he would withdraw his distress warrant and stop the sale, he should be paid out of the first proceeds of the property. Upon this agreement he withdrew the warrant and looked for his money to the defendant to whom the crop was delivered. Plaintiff demanded payment of defendant, but it was refused. Henderson was acting both as agent and attorney for the defendant, and as such he entered into written agreement with plaintiff that he should be paid the full amount of his claim. The plaintiff offered this agreement in evidence, but the justice rejected it, holding that plaintiff would have to prove by defendant that defendant gave Henderson special authority to make it, and that it was not related to the case in which Henderson was employed as agent and attorney. This agreement, as attached to the petition for *certiorari*, is: "R. L. Barfield, through his attorney D. L. Henderson, agrees that Mat McCombs shall be paid out of the first proceeds of Coleman Pollock's crop, after the costs are paid; the amount of

Mat McCombs' claim being $79.70, seventy-nine and seventy one-hundredths dollars, and five bushels oats at 70 cents per bushel=$3.50.        R. L. Barfield,
per D. L. Henderson, his attorney-at-law."

The assignments of error in the petition for *certiorari* were (1) on the rulings of the justice as to the written agreement; and (2) that the verdict of the jury was contrary to law and the evidence.

The defendant excepted to the answer of the justice, alleging that it was incomplete in the following particulars : (1) Defendant moved to dismiss the case because the original summons did not recite in what G. M. district defendant resided, and for that reason failed to give jurisdiction to the court, and notwithstanding there was no offer to amend the summons, this motion was overruled, and the answer fails to show this. (2) The justice has failed to send up the pleadings and record in the case. (3) The answer fails to state that the " defendant moved to rule out all evidence of the plaintiff that went to show that defendant had received any property of plaintiff, the suit being an *assumpsit* for money had and received, and founded upon a written agreement for the payment of a certain amount of money, which was unconditional and for a certain amount, and which was made and signed by D. L. Henderson as attorney at law of defendant, which motion was overruled by the court, and said evidence was allowed to go to the jury ; all of which defendant specifies as material to said case." These exceptions were overruled.

The remaining assignment of error is upon the rendition of the final judgment " in the absence of the record from the . . justice's court, . . plaintiff contending at the time that there were facts involved in the case that would require a new trial in the justice's court."

BUSBEE & CRUM, for plaintiff in error.

No appearance *contra*.