ANTHANISSEN *v.* DART *et al.*

1. The laws of Georgia furnish to suitors no remedy or process which
   operates purely as a proceeding *in rem;* consequently, that prin-
   ciple in the law of salvage which allows bounties and rewards for
   perilous service in addition to the actual value of the service, can-
   not be recognized and applied by the courts of the State, but
   should be treated as matter belonging exclusively to the admiralty

jurisdiction of the United States. But the peril of the service both to life and property, and .the value of the property saved, may be taken into consideration in arriving at the value of the service, where there was no express agreement touching the amount of compensation.

2. The plaintiffs suing now for services rendered in saving a vessel, and seeking to recover upon principles of the law of salvage and for the value of the services without reference to any express con-contract, the record of a previous action brought by the plaintiffs jointly with another plaintiff, whether a corporation or not, is receivable for the admissions contained therein tending to show, in connection with parol testimony, that the services then sued for were the same, so far as the present plaintiffs are concerned, as those now sued for, and were in fact rendered upon an express written contract, which was joint as to all the plaintiffs in the former action, and which fixed a lump sum to be paid to and received by them jointly. Though the admissions might not operate as an estoppel, yet they would be relevant evidence bearing both upon the right to recover and the measure of the recovery.

.3. Where three render services without request, and another takes the benefit of the general result, thereby rendering himself liable on an implied undertaking to pay for the services, the three are not bound to sue jointly merely because they co-operated in rendering the services and had an understanding amongst themselves as to a division of the compensation. Each one is entitled to stand upon his right as against the defendant to recover for himself the value of his own services, unless some other reason for implying a joint rather than a several contract appears. Even where the right is several, it may be necessary, or at least proper, to consider the value of all the services in arriving at the value of those rendered by the plaintiff in the action. *Judgment reversed.*

April 30, 1894. Argued at the last term.

Complaint. Before Judge SWEAT. Glynn superior ·court. May term, 1893.

Action was brought on a *quantum meruit* by Horace Dart, W. R. Dart, Frank M. Dart and D. B. Stallings, against N. M. Anthanissen as master and part owner of ·the Norwegian bark Svalen, for services rendered by plaintiffs with their tug-boat U. Dart in rescuing the bark from its perilous position on the breakers of the ·outer bar of Brunswick on February 4, 1891. The jury found for the plaintiffs $475, May 10, 1893; and defend-

ant's motion for a new trial was overruled. The declaration alleges, that on February 4, 1891, the bark having grounded and being in peril, plaintiffs went with said tug-boat and endeavored to pull the bark off upon the high tide of that day; that the weather was rough and threatening, and the adventure of plaintiffs was hazardous and dangerous to them and their property; that subsequently the master of the bark abandoned and partly dismantled it and left it to its fate; that plaintiffs sent out said tug-boat, which, together with other tug-boats in the harbor of Brunswick, succeeded upon another high tide in towing the bark from its perilous position to a place of safety, and but for the service so rendered the bark would have gone to pieces upon the bar where it lay grounded; that the bark was worth $9,000 and its cargo of lumber worth $3,500; and that the weather was rough, high and threatening at the time the service was rendered, and the same was done at imminent peril and risk to plaintiff's tug-boat and to the officers and employees thereon, and was worth the sum of $1,800.

The motion for new trial assigns error upon the admission of testimony showing the risk and peril of the service in question; and upon instructions in the charge to the jury, that if the bark was grounded as claimed, and plaintiffs by their tug-boat U. Dart and their employees thereon undertook to rescue the bark, and the undertaking was attended with great or extra peril and risk and danger, and the effort was successful, the compensation to be allowed plaintiffs would not be measured alone by the actual value of the services performed by them, at so much per day for the time they were so engaged, but that they would be entitled to such reasonable, just and proper sum as the jury saw fit to allow them as a reward or bounty for the peril, risk and danger to the tug-boat and employees thereon while engaged in the service, which amount should be deter-

v 94-35

mined from all the facts and circumstances, including
the value of the tug-boat and the number of employees
on it.   Also, that the jury should consider the admitted
fact that three tug-boats were engaged in the service,
and after determining the proper amount to be paid by
the owner of the bark, decide what proportion thereof
should be given to the owners of the tug-boat U. Dart.

The defendant offered in evidence a copy of the record
of a former suit in the same court, "which showed that
the plaintiff in the present suit had previously joined as
a coplaintiff with two other plaintiffs suing as copart-
ners, and who, for the services in and about the rescue
of the bark for which this action was brought, had in
said suit based their right to recover upon a written
agreement" dated at Brunswick, Ga., February 4, 1891,
"between owners of tug-boats Inca and U. Dart, and
N. M. Anthanissen, master of Nor. bark Svalen, now on
south breakers of outer bar of Brunswick."   The agree-
ment further states, "that said boats Inca and U. Dart
shall render said vessel all assistance possible in reliev-
ing her from her perilous position; and should they
succeed in pulling her off and towing her into place of
safety, that the said Captain N. M. Anthanissen, as agent
of vessel and cargo, shall pay to said tug-boats Inca
and U. Dart the sum of two thousand dollars."   This is
signed by "N. M. Anthanissen, master of bark Svalen,"
and by "Coney & Parker, agts. tugs Inca and U. Dart."
This record was offered "for the purpose of showing
that the same was a joint cause of action and could not
be severally maintained by this plaintiff," and "that the
debt due for the service for which this suit was brought
was a partnership claim and not the individual claim of
this plaintiff."   Defendant "offered to prove, by the
statements of fact in said record, as well as by the wit-
ness W. R. Dart, that the said steamboats Inca, U. Dart,
and Angie and Nellie composed a partnership engaged

in the tow-boat business under the firm name of the Brunswick Tow-boat Combination, and as such partnership had rendered the alleged service for which this suit was brought." Defendant further offered to prove that no separate contract was made with the owners of the steam tug U. Dart for towing said vessel off the breakers, but the only contract made was a joint contract as above set forth. All of the foregoing evidence so offered was rejected as irrelevant; and the court denied defendant's request to charge the jury, that if "there was a joint undertaking between the owners of the steamboats Angie and Nellie, U. Dart, and Inca, and the service was performed jointly, the plaintiff could not so apportion the service performed as to recover on a *quantum meruit*, without joining in the action with the owners of the steam tugs Inca, and Angie and Nellie."

H. F. Dunwody and Crovatt & Whitfield, for plaintiff in error.

Goodyear & Kay and Harris & Sparks, *contra*.