11073.   SCARBOROUGH *v.* GOLDSMITH JR.-GRANT CO.

</div>

SMITH, J.   1. "Malicious use of legal process is where a plaintiff in a civil proceeding employs the court's process in order to execute the object which the law intends for such a process to subserve, but proceeds maliciously and without probable cause. In a suit for damages growing out of such malicious use of process, it must appear that the previous litigation has finally terminated against the plaintiff therein. Malicious abuse of legal process is where a plaintiff in a civil proceeding wilfully misapplies the process of a court in order to obtain an object which such a process is not intended by law to effect. In a suit for damages growing out of such a perversion of the court's process, it is not necessary to show that the former litigation was without probable cause, or that it terminated prior to the institution of the suit for damages." *McElreath* v. *Gross*, 23 Ga. App. 287 (1, 2) (98 S. E. 190).

2. Applying the above principles to the plaintiff's petition, the court below did not err in sustaining the general demurrer and dismissing the case.

<div align="center">

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 5, 1920.

</div>

Action for damages; from city court of Atlanta — Judge Reid. October 4, 1919.

It was contended on the part of the plaintiff that the action was for malicious *abuse* of legal process, and therefore that it was not necessary to allege the termination of the litigation. In the brief

of counsel for the defendant it was contended that the action could not prevail as an action for malicious abuse of legal process, because "no abuse (illegal use)" of the process was alleged; and that, as it was not alleged that the litigation had terminated, the action was not maintainable as a suit for malicious prosecution.

The petition alleged, in substance, that, while in the employ of the defendant company as an automobile salesman, the plaintiff bought from it an automobile, giving for it installment notes in which title to the automobile was reserved in the defendant; that on March 1, 1919, all the notes then matured had been paid, it having been customary for the defendant to retain out of commissions earned by the plaintiff the amount of the notes as they matured, and to apply such amounts to their payment; that on that date there fell due one of these notes in the sum of $26.45, and the defendant at that time admitted an indebtedness to the plaintiff, because of commissions earned by him, in the sum of $25.65, lacking only $2.65 of being sufficient to cover the principal and accrued interest on the notes. The defendant was then indebted to the plaintiff in a sum greater than the amount of the principal and accrued interest on the said note. The defendant, through one Chapman, an officer of the defendant company, told the plaintiff that the defendant had a sufficient amount on hand as commissions due him to pay this note and would apply the commissions then so due him to its payment; and the plaintiff, relying on this assurance, considered the note as paid. At this time the plaintiff had severed his connection with the defendant and was acting as agent of a rival automobile concern, selling automobile trucks in the territory in which the defendant operated. On March 12, 1919, the defendant instituted in the municipal court of Atlanta a bail-trover suit against him for the recovery of the said automobile, the action being predicated on failure to pay the purchase-money note maturing March 1, 1919, mentioned above. On March 19, 1919, at his home and in the presence of his neighbors, he was placed under arrest by two bailiffs of that court, under such bail-trover process. He then, through his attorney, called the attention of the defendant, through one of its officers (named) to the fact that he was not indebted to it in the amount of the said note, but the said officer stated that he had authorized such bail proceedings to be instituted and would let such proceedings continue against him.

"Petitioner charges that in causing said bail-trover suit to be instituted against him, and in causing his arrest thereunder, and in persisting in the prosecution of petitioner under such process, the defendant company acted with malice, and with the purpose and desire to injure and damage petitioner, and to obstruct and embarrass him in his rival business as aforesaid, and not for the purpose of collecting a debt or of securing itself against loss, as falsely claimed in said affidavit for bail process to issue." Although the defendant had admitted its indebtedness to the plaintiff and had promised to apply such indebtedness in satisfaction of the said note, the defendant, without any warning to the plaintiff, wantonly and maliciously instituted and prosecuted this bail process against him and caused his arrest thereunder. The defendant, in suing out such bail process, acted without probable cause, in that it knew that the plaintiff was not attempting to eloign or move away the said automobile, and further knew that he was not indebted to it in the amount of the said note or in any amount. The real motive and cause of such process being sued out and arrest made thereunder was to injure and embarrass him as representative of his then employer, and to take revenge upon him because he had left the employment of the defendant and had entered the employment of a rival concern. The defendant, "in thus employing bail process against him wrongfully and unlawfully and for the purpose of injuring him as aforesaid, a purpose not intended by law, was guilty of a malicious abuse of legal process." He was forced to employ counsel at an expense of $25. For the humiliation of being thus placed under arrest and for having his standing and credit in the community thus impaired, he lays his punitive damages, together with the $25 actual damages as aforesaid, in the sum of $10,000.

*Frank A. Hooper & Son,* for plaintiff, cited: *King* v. *Yarbray,* 136 *Ga.* 212, 213; *Atlanta Ice & Coal Co.* v. *Reeves,* 136 *Ga.* 294; *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 281; *Dye* v. *Denham,* 54 *Ga.* 224; 4 L. R. A. 256, and notes; 29 L. R. A. (N. S.) 272; 1 R. C. L. 109, 115; 86 Am. St. R. 407, note; *Fenwick Shipping Co.* v. *Clarke,* 133 *Ga.* 43; *Finch* v. *Cox Co.,* 19 *Ga. App.* 256 (1).

*Dorsey, Shelton & Dorsey,* for defendant, cited: *Clement* v. *Orr,* 4 *Ga. App.* 118, 119, 120; *Seamans* v. *Hoge,* 105 *Ga.* 162; *Porter* v. *Johnson,* 96 *Ga.* 149; *Mullins* v. *Matthews,* 122 *Ga.* 289; 32

Cyc. 451-4; Allen *v.* Kinyon, 41 Mich. 281; cases cited for plaintiff, supra, distinguished.