## 10823.  KNIGHT v. FORBES.

PER CURIAM.  The proof in this case failing to sustain the allegations of the petition, the court erred in overruling the motion for a new trial.

*Judgment reversed.  Broyles, C. J., and Bloodworth, J., concur.  Luke, J., dissents.*

DECIDED JULY 15, 1920.

Action for money had and received; from city court of Valdosta — Judge Cranford.  July 9, 1919.

*Franklin & Langdale,* for plaintiff in error.

*E. K. Wilcox,* contra.

LUKE, J., dissenting.  1.  This is the second appearance of this case in this court, and its nature is fully set forth in connection with the decision in 19 *Ga. App.* 320, where it was construed to be an action for money had and received.  The averment that the plaintiff delivered to the defendant the sum of money sued for was established only by proof that, in lieu of the cash, the defendant accepted a due-bill which the plaintiff procured a third person to make, which the defendant promptly transferred for value, and which the maker satisfied prior to the origin of the plaintiff's alleged action; the plaintiff's loss and the defendant's gain at the time the suit was commenced being the exact sum sued for.  The jury having found for the plaintiff, the defendant now complains, first, that, because the thing received by him from the plaintiff was a due-bill and not money, the action for money had and received does not lie, notwithstanding the due-bill was itself past recovery; and, secondly, that, even if such an action would lie in such a case, the variance between the allegations and the proof was fatal.

(a)  An action in assumpsit for money had and received does lie, where it appears that the defendant has actually received and has in his hands either money or something which the parties have regarded and treated as money, if it further appears that such money, or its equivalent, belongs to the plaintiff and that it is the defendant's duty immediately to pay it over. *Lary* v. *Hart,* 12 *Ga.* 422; *Barlow* v. *Stalworth,* 27 *Ga.* 517; 2 R. C. L. 782, § 36.

(b)  The variance between the allegations and the proof, though marked, is not fatal.  Park's Ann. Code, § 5573.  Had

the defendant raised the question during the trial, by objection to the evidence or by motion for a nonsuit, or otherwise, thereby giving the plaintiff an opportunity to cure the defect by amendment before verdict, it would come with greater force. Park's Ann. Code, § 5960.

2. The fact that the payment was made to the defendant as the soliciting agent of a named insurance company and in payment of the first premium on a policy of insurance which the plaintiff had applied for through him, and that he (the defendant) was not acting in his individual capacity, constitutes no defense, it further appearing that the defendant retained the money, applied it to his individual uses, never remitted it to the company, and did not within a reasonable time cause the policy applied for to be issued or delivered. *Alexander* v. *Coyne*, 143 *Ga.* 696 (85 S. E. 831, L. R. A. 1916D, 1039).

3. The charges complained of were in accord with the foregoing rulings and with the decision of this court upon the former review of this case. As to the essentials of the action not specifically dealt with above, the evidence, in my opinion, abundantly authorized the verdict. I do not agree that the court erred in denying the defendant's motion for a new trial.