## 14001.  KING *v.* DOBBS.

1. Only actual fraud authorizes the ex parte rescission of a sale of personalty. *Sasser* v. *Pierce*, 6 *Ga. App.* 321 (1) (64 S. E. 1100); *Barnett* v. *Speir*, 93 *Ga.* 762 (1) (21 S. E. 168).

2. Where the purchaser of personal property elects to rescind the contract of sale for fraud and to recover back the purchase price paid, as for money had and received, it is necessary to show that the defendant vendor knowingly made the alleged false representations as to the qualities of the things sold, with intent to deceive the vendee, and that the latter was deceived and suffered damage thereby. *Houze* v. *Blackwell*, 144 *Ga.* 700 (2) (87 S. E. 1054); *Dunn* v. *Beasley*, 143 *Ga.* 376 (1) (85 S. E. 100).

3. In a suit for the breach of a warranty in the sale of personalty, either express or implied, the plaintiff cannot recover so much as the full purchase price without showing that the property was totally worthless for any purpose; nor can he recover at all, if the property be not shown totally worthless, without submitting to the jury some lata by which they may determine the extent to which the consideration has failed. A similar rule would apply in an action for damages for fraud and deceit. *Grier* v. *Enterprise Stone Co.*, 126 *Ga.* 17 (1) (54 S. E. 806); *Clegg-Ray Co.* v. *Indiana Truck Co.*, 125 *Ga.* 558 (54 S. E. 538).

4. Where a purchaser of personalty pays a part of the purchase-money on the delivery of the goods, and thereafter pays the remainder with full knowledge of defects in the property in the meantime discovered, he will be held to have waived any right of action or defense which might exist either by reason of a breach of a warranty or on account of any fraud or deceit pertaining to the defect (see *Shores-Mueller Co.* v. *Bell*, 21 *Ga. App.* 194, 196, 94 S. E. 83; *American Car Co.* v. *Atlanta Street Ry. Co.*, 100 *Ga.* 254, 28 S. E. 40; *Edison Electric Co.* v. *Blount*, 96 *Ga.* 272, 23 S. E. 307; *Lowry National Bank* v. *Fickett*, 122 *Ga.* 489 (2), 50 S. E. 396; *Cooper* v. *National Fertilizer Co.*, 132 *Ga.* 529 (1), 64 S. E. 650; *McKee* v. *Hurst*, 21 *Ga. App.* 571 (3), 574, 94 S. E. 886; *McGinnis* v. *McCormick*, 28 *Ga. App.* 144 (1), 110 S. E. 341, and as to waiver of fraud by payment, *Tuttle* v. *Stovall*, 134 *Ga.* 325, 67 S. E. 806, 20 Ann. Cas. 168); but the evidence in the case at bar did not demand a finding against the plaintiff on this ground. *Kronman* v. *Roush Produce Co.*, 3 *Ga. App.* 152 (1) (59 S. E. 320).

5. Where one buys personalty in his own name he may maintain an action in his own name for a breach of a warranty in regard to the quality of the goods, although he may have been the agent of another in making

the purchase. *Carter* v. *Southern Railway Co.*, 111 *Ga.* 38 (36 S. E. 308, 50 L. R. A. 354); *Georgia &c. Ry. Co.* v. *Marchman*, 121 *Ga.* 235 (4) (48 S. E. 961); *Spence* v. *Wilson*, 102 *Ga.* 762 (1) (29 S. E. 713); *Fargason* v. *Ford*, 119 *Ga.* 343 (3) (46 S. E. 431); *Pearson* v. *Horne*, 139 *Ga.* 453 (1) (46 S. E. 431); Civil Code (1910), § 3609 (3). If the sale is so tainted with fraud as to authorize the principal to rescind for fraud, upon such rescission an action may be maintained either by the principal or the agent for the recovery of the purchase-money, as for money had and received. The vendor, having received it from the agent, will be estopped to deny his liability upon the implied obligation to the latter merely upon the ground that the money belonged to another. 21 R. C. L. 876, § 49; Parks *v.* Fogleman, 97 Minn. 157 (105 N. W. 560, 114 Am. St. Rep. 703, 4 L. R. A. (N. S.) 363); 1 Am. & Eng. Enc. Law, 1166.

6. Where there is actual fraud in the sale of personalty the vendee may rescind ex parte and sue the vendor for the recovery back of the purchase-money, as for money had and received. A justice's court has jurisdiction to entertain such an action. *Perdue* v. *Harwell*, 80 *Ga.* 150 (1) (4 S. E. 877); Civil Code (1910), §§ 4254, 5513. If there had been such rescission, the statement in the jury's verdict that the vendor should take back the property, a tender of which he had refused, may be treated as surplusage.

7. Under any possible theory of the action, there was not sufficient evidence to meet the requirements announced in headnotes 1, 2, and 3; and the judge erred in overruling the certiorari.

DECIDED JUNE 25, 1923.

Certiorari; from Cobb superior court — Judge Blair. October 2, 1922.

*H. B. Moss,* for plaintiff in error.

*Joe Abbott, C. W. Dobbs,* contra.

BELL, J. This was an action in a justice's court for the recovery of the sum of $62.50. The plaintiff had paid to the defendant a like sum as the purchase-money of a cow, a part of which was paid on delivery of the property, and the remainder "a few days" thereafter. It indisputably appears in the evidence that the transaction was consummated by the plaintiff in his own name, but that he was really an agent for his wife, and that all of the money paid belonged to her. The conclusion is demanded also that the property was possessed of serious defects. There is some evidence, though very slight, as to an express warranty or a representation, and also evidence that the defect was latent and not discoverable by ordinary care until after the remainder of the purchase-money was paid. Some time subsequently to the sale the principal vendee sought to rescind the transaction and tendered the property back, but the tender was refused. There is no evi-

dence whatsoever that the property was worthless, and no data was given to the jury by which they might have determined the extent to which the consideration had failed, if the character of the action was ·such as to involve the question of consideration. The jury·trying the case returned a verdict in favor of the plaintiff for $60, and said in their verdict that the defendant should take back the property. The defendant excepts to the overruling of a certiorari.

The above statement is made in view of the answer of the magistrate, which is controlling upon review regarding the evidence heard upon the trial. The record does not show a copy of the summons, or suit, and it is impossible to determine just what was the nature of the action. If it was a suit for the recovery of the purchase-money as for money had and received, following an ex parte rescission for actual fraud, the verdict was without sufficient evidence to support it, under the rulings announced in headnotes 1, 2, and 3. If the suit was for the breach of warranty, either express or implied, or for the recovery of damages for fraud, the verdict was likewise illegal, under the rulings of headnote 3 and the authorities there cited. For these reasons, but no others, the judgment overruling the certiorari must be reversed.

Other contentions of the plaintiff in error are sufficiently disposed of in the headnotes.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*