15473. BANK OF OGLETHORPE *v.* BROOKS *et al.*

BELL, J. 1. Peaches when sold on cash sale by the producer are within the contemplation of section 4126 of the Civil Code, providing that certain specified products, "or other product sold by planters . . on cash sale, shall not be considered as the property of the buyer until fully paid for, although it may have been delivered to the buyer."

2. Where three planters sold to another on cash sale, in separate transactions, peaches which each had severally produced, and for which each was given a check for the amount due him, and all of the checks were subsequently dishonored, and where none of the vendors sought to reclaim any of the peaches thus sold, but they entered into an agreement with the purchaser that on his receipt of the proceeds of a resale of the peaches made by him he would "prorate" the same to these several producers and a fourth producer in like situation, such new agreement as to the producers who were parties thereto amounted to an authorization or approval of the resale, thus divesting their title respectively to the peaches sold (*Mason* v. *Farmers Cotton Oil Co.,* 29 *Ga. App.* 418 (2), 116 S. E. 123), and, as between them and their vendee, to a transfer of their claim of title from the peaches to the proceeds of the resale. Compare *Barfield* v. *McCombs,* 89 *Ga.* 799 (3) (15 S. E. 666).

3. Where the vendee of such producers was a firm, and, on receipt of the proceeds of the resale, deposited the proceeds in a bank to the individual credit of one of its members for the purpose of having the

same distributed to the several claimants by checks, and where the bank, after receiving the deposit with full knowledge of all the facts (*American Trust Co.* v. *Boone*, 102 *Ga.* 202 (1), 29 S. E. 182; *American National Bank* v. *Fidelity & Deposit Co.*, 129 *Ga.* 126 (1), 58 S. E. 867, 12 Ann. Cas. 666; Civil Code (1910), § 3605), applied it to a past-due indebtedness of such member, and refused payment of the checks drawn upon it in the name of the vendee firm, the three first-mentioned producers could maintain a joint action (*Knight* v. *Roberts*, 17 *Ga. App.* 527, 87 S. E. 809) against the bank for the aggregate of their undivided interests in the fund, as for money had and received. *Phillips* v. *Crews*, 65 *Ga.* 275, 277; *Finch* v. *Cox Co.*, 19 *Ga. App.* 256 (91 S. E. 281); *Rhodes Furniture Co.* v. *Jenkins*, 2 *Ga. App.* 475 (58 S. E. 897); *Knight* v. *Forbes*, 25 *Ga. App.* 490 (103 S. E. 725); Civil Code (1910), § 5513.

(*a*) This is not to decide whether or not such action would be maintainable if the bank had so received and applied the money without notice. See *First National Bank of Macon* v. *Nelson*, 38 *Ga.* 391 (1), 400.

4. The plaintiffs, jointly having title to an undivided interest in the fund while it remained in the hands of their vendee, were not divested thereof by the deposit of the money in a bank having notice of the ownership of the fund. See cases first cited in the preceding paragraph. *Bank of Newborn* v. *Blue Diamond Coal Sales Co.*, 32 *Ga. App.* 458 (123 S. E. 725).

5. Where the other elements of a cause of action as for money had and received are present, it is immaterial whether the defendant received the money from the plaintiff or from a third person. *Bates-Farley Savings Bank* v. *Dismukes*, 107 *Ga.* 212 (2) (33 S. E. 175); 2 R. C. L. 780, § 35.

6. Where the bank refused payment to the plaintiffs upon the asserted claim that it had the right to apply, and had applied, the fund to a past-due indebtedness in its favor against the person in whose name the fund was deposited, the subsequent suit of the plaintiffs therefor did not fail to set forth a cause of action merely because it appeared from the petition that the checks in their favor respectively were signed by the vendee firm and not by the individual member thereof in whose name the deposit had been made. *Tuggle* v. *Green*, 150 *Ga.* 361 (2) (104 S. E. 85); *Cohen* v. *Arenson*, 29 *Ga. App.* 723 (16 S. E. 658); *Chatham Ice Cream Co.* v. *Sakakeeny*, 29 *Ga. App.* 768 (2) (116 S. E. 558); *Union Brokerage Co.* v. *Beall*, 30 *Ga. App.* 748 (1) (119 S. E. 533). Moreover, their right to recovery would not depend upon the presentation of checks, whether drawn by the firm, or by the member as an individual. It is not necessary in this sort of action to allege a demand for and refusal of payment. Civil Code (1910), § 5512); *Farmers & Merchants Bank* v. *Bennett*, 120 *Ga.* 1012 (1 *b*) (48 S. E. 398).

7. The action was not subject to general or special demurrer because the interests respectively of the plaintiffs were not equal (*Chamberlin* v. *Beck*, 68 *Ga.* 346 (3); *City Bank of Macon* v. *Bartlett*, 71 *Ga.* 797 (1 *c*); *Stephens* v. *Whitehead*, 75 *Ga.* 294 (3)), nor was it subject to general demurrer because the fourth producer mentioned in

paragraph 2 above might have elected to claim an undivided interest in the fund, it not appearing that he was a party to the agreement entered into by the plaintiffs and their vendee with respect to the disposition of the proceeds of the resale, or that he ever, with knowledge, did any act amounting to a ratification. *Anthanissen* v. *Dart*, 94 *Ga.* 543 (3) (20 S. E. 124).

(*a*) Whether, if the fourth producer had been a party to such agreement or had ratified it, the suit would have been fatally defective without him as one of the plaintiffs (*Davis* v. *Sturgis*, 30 *Ga. App.* 655, 118 S. E. 700; *Jennings* v. *Wright*, 54 *Ga.* 537 (2), 540; *Fuller* v. *Wood*, 137 *Ga.* 66 (1), 72 S. E. 504; *Bishop* v. *Woodward*, 103 *Ga.* 281 (2), 29 S. E. 968), or even subject to special demurrer for nonjoinder, if such had been interposed (*Starnes* v. *Quin*, 6 *Ga.* 84 (1) (2); *Howard* v. *Snelling*, 28 *Ga.* 469 (1); Smith *v.* Wiley, 22 Ala. 396 (3), 58 Am. D. 262; Tankersley *v.* Childers, 23 Ala. 781 (1)), is not a question raised by the record for decision. But in *Knight* v. *Roberts*, 17 *Ga. App.* 527 (87 S. E. 809), the suit was for a three-fourths interest in an undivided eighth interest in funds which were the proceeds of a wrongful sale of realty, in which the plaintiffs were tenants in common with others, and, although in that case there was no express decision of the point here mentioned, the sustaining of a general demurrer was reversed.

8. The plaintiffs' vendee, from whom the bank received the money, was not a necessary party defendant (*Cowart* v. *Fender*, 137 *Ga.* 586 (1) 73 S. E. 822, Ann. Cas. 1913A, 932; *Bates-Farley Savings Bank* v. *Dismukes*, 107 *Ga.* 212 (2), 33 S. E. 175); nor was it essential that the petition allege that such vendee was insolvent.

9. Allegations of facts in such a case, made for the purpose of showing that the defendant was guilty of actual fraud in obtaining the deposit, were not irrelevant or redundant. Compare *King* v. *Dobbs*, 30 *Ga. App.* 441 (1) (2) (118 S. E. 428).

10. A city court has jurisdiction of any action for money had and received. *Perdue* v. *Harwell*, 80 *Ga.* 105 (1) (4 S. E. 877); *Adams* v. *Skipper*, 9 *Ga. App.* 123 (2) (70 S. E. 692); *King* v. *Dobbs*, 30 *Ga. App.* 441 (6) (118 S. E. 428); Civil Code (1910), § 5513. The present suit, properly construed, is one of that character.

11. Applying the foregoing rulings, the petition set forth a cause of action, and was not subject to any of the demurrers.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 13, 1924.

Complaint; from city court of Oglethorpe—Judge Greer. March 13, 1924.

*John M. Greer, Gilbert C. Robinson,* for plaintiff in error.
*Jule Felton, John B. Guerry,* contra.